### George Caruthers v. Edmund Hall and Others.

Where a portion of the land covered by a mortgage is conveyed subject to the payment of the entire mortgage by the grantee, the subsequent purchaser of another parcel has a right to insist that the parcel so before conveyed shall be first sold to satisfy the mortgage, before resort is had to the parcel so purchased by himself.

And when a bill in chancery is filed to foreclose the mortgage, it is not necessary for such subsequent purchaser to file a cross bill in order to protect this right, but he may set out the facts in his answer, and the Court, where it can be done without prejudice to the rights of complainant, should make a decree protecting his priority.

*Heard April 12th. Decided April 22d.*

Appeal in Chancery from Shiawassee Circuit. The case is sufficiently stated in the opinion.

*McCurdy & Raynale*, for complainant:

Defendant Hall, in his answer, asks for positive relief which the bill will not afford; and this can only be obtained by filing a cross bill. *Wal. Ch.* 170; 9 *Cow.* 755; *Story Eq. Pl.* §§ 389, 392; 2 *Barb. Ch. Pr.* 126, 127; 3 *Dan. Ch. Pr.* 1742, 1743.

*E. Hall*, defendant in person, as to the doctrine of marshaling securities with reference to the equities of the

several defendants, referred to *Wal. Ch.* 459; *Saxton,* 413; 2 *Green Ch.* 125; 1 *Johns. Ch.* 447; 5 *Johns. Ch.* 235; 1 *Green Ch.* 396; 8 *Barb.* 9; 24 *Barb.* 135; 3 *Halst. Ch.* 509.

CAMPBELL J.:

The bill in this case was filed to foreclose a mortgage made by Wellington Johnson and wife to complainant. Hall, who is a subsequent purchaser, answered, showing that the mortgagor had conveyed a part of the mortgaged premises to one Lucina Redson *subject to the entire mortgage, which the deed declared she was to pay*; and that his own purchase was made subsequently. He claimed that in decreeing a sale the Court below should require the portion of the land sold to Mrs. Redson to be first offered, and that his portion should only be resorted to in case of deficiency. The evidence shows without contradiction that a sale in this order would not prejudice complainant. The Court below declined to protect his priority, and Hall appealed.

There can be no doubt of the right of the defendant Hall to have this course taken. The case of , *Mason v. Payne,* *Wal. Ch.* 461, fully settles the doctrine, which is a very familiar and reasonable one. The objection that a cross bill was necessary, is not well taken. The defendant does not seek any affirmative relief, neither does he seek to deny or destroy any right of the complainant, to whom, upon the case as presented, the order in which the parcels are sold must be a matter of indifference.

The decree of the Court below must be so modified as to require the sale of Hall's premises to be postponed, so that the remainder be first offered and sold. The appellant is entitled to the costs of this Court, but not of the Court below.

The other Justices concurred.